UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANTHONY DIGIOVANNI, )
)
              Plaintiff, )
v. ) 2:10-cv-301-WTL-TAB
)
UNKNOWN FEDERAL BUREAU OF )
  PRISONS OFFICERS, )
)
              Defendants. )

**Entry and Order Directing Dismissal of Action**

**I.**

The plaintiff's request to proceed *in forma pauperis* (dkt 2) is **granted**. The assessment of even a partial filing fee is not feasible at this time.

Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996). Accordingly, a separate order pursuant to 28 U.S.C. § 1915(b) for the collection of the filing fee is being issued.

**II.**

"Relief from misconduct by federal agents may be obtained either by a suit against the agent for a constitutional tort under the theory set forth in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), or by a suit against the United States under the Federal Tort Claims Act ["FTCA"] . . . [which] permits claims based upon misconduct which is tortious under state law. 28 U.S.C. §§ 1346(6), 2680." *Sisk v. United States,* 756 F.2d 497, 500 n.4 (7th Cir. 1985).

In this case, plaintiff's complaint fails to state a viable claim for relief under either of the above theories and therefore must be dismissed. Dismissal required by 28 U.S.C. § 1915A(b). *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999)("A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'"(quoting 28 U.S.C. § 1915A(b)(1)).

The theories are not viable for these reasons: First, the complaint does not assert a viable claim pursuant to the FTCA because "[t]he only proper defendant in an FTCA action is the United States," *Jackson v. Kotter,* 541 F.3d 688, 693 (7th Cir. 2008), and the United States is not a defendant here. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005)("Pro se litigants are masters of their own complaints and may choose who to sue-or not to sue."). Second, the alleged negligent loss of an inmate's personal property of prison officials is not actionable under a *Bivens* theory because negligence is not actionable under the Constitution and the complaint suggests nothing more. *Sellers v. Henman,* 41 F.3d 1100, 1102 (7th Cir. 1994).

### III.

The complaint shows on its face that the plaintiff is not entitled to relief. See *Jones v. Bock,* 127 S. Ct. 910, 921 (2007)("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief.").[1] Dismissal of the action is therefore mandatory pursuant to 28 U.S.C. § 1915A(b), *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/17/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1] The dismissal of the action does not represent an assessment as to the viability of an FTCA complaint should one be presented. However, the court cannot re-write the complaint or make the United States as a defendant when the plaintiff has not done so. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005)("Pro se litigants are masters of their own complaints and may choose who to sue-or not to sue.").